[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, Carvel Corporation, brings this action against the defendant, Fleet National Bank, alleging that the defendant bank charged the plaintiffs bank account for unauthorized checks that were not properly payable and that the defendant failed to exercise ordinary care under General Statutes § 42a-4-406.
Defendant moves to strike the Fifth and Sixth counts which allege violations of the above statute on the ground that the statute does not confer upon a bank customer a statutory cause of action.
General Statutes § 42a-4-406 provides in relevant part:
 "(c) If a bank sends or makes available a statement of account or items pursuant to subsection (a), the customer must exercise reasonable promptness in examining the statement or the items to determine whether any payment was not authorized because of an alteration of an item or because a purported signature by or on behalf of the customer was not authorized. If, based on the statement or items provided, the customer should reasonable have discovered the unauthorized payment, the customer must promptly notify the bank of the relevant facts.
"(d) If the bank proves that the customer failed, with respect to an item, to comply with the duties imposed on the customer by subsection (c), the customer is precluded from asserting against the bank: (1) The customer's unauthorized signature or any alteration on the item, if the bank also proves that CT Page 4462 is suffered a loss by reason of the unauthorized signature or any alteration on the item, if the bank also proves that it suffered a loss by reason of the failure; and (2) the customer's unauthorized signature or alteration by the same wrongdoer on any other item paid in good faith by the bank if the payment was made before the bank received notice from the customer of the unauthorized signature or alteration and after the customer had been afforded a reasonable period of time, not exceeding thirty days, in which to examine the item or statement of account and notify the bank."
No cases in Connecticut have been found which have examined the issue of whether § 42a-4-406, which is based on § 4-406 of the Uniform Commercial Code, creates a direct cause of action against a bank for payment of forged checks. The California Court of Appeal for the Sixth District, however, addressed this issue in Story Road Flea Market v.Wells Fargo Bank, 42 Cal.App.4th 1733, 50 Cal.Rptr. 2d 524 (1996), when it dealt with California's equivalent of § 4-406, California Uniform Commercial Code § 4406. The court stated that "[t]he essence of . . . [§] 4406 is a defense for a bank against a customer's action based on unauthorized signatures on checks under certain circumstances." Id., 1739. It is important to note that the California Uniform Commercial Code § 4406 and General Statutes § 42a-4-406 are almost identical.
After an analysis of Story Road, Lawrence Anderson, in Anderson on the Uniform Commercial Code, concluded that "UCC § 4-406 does not create a cause of action by a customer against a bank but merely gives the bank a defense to a suit brought under other sections of the code for honoring forged checks." R. Anderson L. Lawrence, Anderson on the Uniform Commercial Code (3d Ed. 2000) § 4-406:3, p. 438.
Plaintiff claims that "Timothy S. Fisher in a law review article CheckFraud Litigation in Connecticut: After the 1990 Revisions to the U.C.C. (68 CONN. B.J. No. 6, 393 (1994) supports his contention that § 4-406 authorizes a direct claim, but that article states that the current articles 3 and 4 create "a new, more-open-ended cause of action based purely on shared culpability, and that the only section of the reused U.C.C. which established a primary cause of action for drawers" is found under § 4-401. (General Statutes § 42-a-4-401).
Indeed, other avenues for relief have been asserted by plaintiff in the First and Second counts (general statutes § 42a-4-401) and in the Third and Fourth counts (common law) and are not involved in this motion. CT Page 4463
Since plaintiffs claims under general statutes § 42-a-4-406 are not supported by any authority permitting a direct claim by a consumer, the motion to strike the Fifth and Sixth counts in granted.
 ___________________ Wagner J., TJR